## No. 607
## McGUIRE v. TALBOTT
### No. 19821. Supreme Court
On motion to certify. Dock. May 18, 1926.

227. CHARITABLE INSTITUTIONS—If a Y. M. C. A. leases and operates a hotel, is it exempt from complying with the laws concerning inn-keepers by reason of its charitable nature, and therefore not liable for negligence caused, by violation of such laws, or may the Y. W. C. A. be held liable for its negligence as are any other inn-keepers?

Minnie McGuire brought this action originally in the Cuyahoga Common Pleas against the Y. W. C. A. of Cleveland and Lotta R. Talbott for damages arising from personal injury alleged to have been caused by negligence in failing to keep in good repair certain plumbing in a hotel operated by the defendants. It appears that the Y. W. C. A. leased and operated a hotel in Cleveland and that McGuire while a guest at this hotel sustained severe burns to her body while bathing when the pipes containing scolding water burst.

McGuire neglected to file a reply to the answer of the defendants and judgment was rendered on the pleadings in favor of the Y. W. C. A. and Talbott, which judgment was affirmed by the Appeals.

McGuire in the Supreme Court contends:

1. That charitable institutions are not immune from the operation of the statutes concerning inn-keepers.

2. That the Y. W. C. A. should be held for the negligence of its servants.

3. That the violation of the duty imposed by a statute upon inn-keepers is negligence per se and that the Y. W. C. A. is not immune from this rule of law by virtue of its charitable character.

Attorneys—Irwin Greenberg, Cleveland, for McGuire. J. R. Kistner, Cleveland, for Talbott.

## No. 608
## STATE, Ex ATTY. GEN. v. BUCKEYE BLDG. & LOAN CO. et.
### No. 19635. Supreme Court.
On motion to certify. Dock. Feb. 23, 1926; 4 Abs. 142. Reported on account of error in former report, 4 Abs. 287.

1283. WORKMAN'S COMPENSATION.— Does judgment obtained under favor of the Workman's Compensation Law 1465-77 GC. have preference over, and should it be paid before, mortgages upon real estate owned by the judgment debtor, when such mortgages were filed for record prior to the rendition of the judgment?

The Buckeye State Building and Loan Co. brought this action originally in Fayette Common Pleas, against Frank DeWitt and other lien holders, on certain property, for foreclosure of a mortgage lien.

It appears that the Building and Loan Company in 1917 loaned to Grant DeWitt $1,800 in return for which it accepted his promissory note secured by a mortgage upon certain real estate which he owned. This mortgage was filed for record immediately after its execution.

Subsequently, in 1920, a second mortgage on the same property was executed and filed to secure another loan. During 1922 and 1923 certain judgments were rendered against Grant DeWitt and in 1924 the State of Ohio, ex rel, Attorney General, on behalf of Mrs. Hoyt M. Hurley, recvered a judgment against Grant DeWitt under the Workman's Compensation Law.

1465-77 GC. provides in part as follows:

"All judgments obtained in any action prosecuted by the board or by the state under the authority of this act, shall have the same preference against the assets of the employer, as is now or may hereafter be allowed by law on judgments rendered for claims for taxes."

The real estate was sold for $3,000 at foreclosure sale, enough to pay tax liens, court costs, the Loan Company's first mortgage and a portion of the second mortgage, and nothing on the judgment.

The Common Pleas found the priority of liens to be in the order above stated and this finding was affirmed by the Appeals.

The Atty. Gen., in the Supreme Court contends:

(1). That the Workman's Compensation Law comes within the police power of the state and is therefore constitutional.

(2). That by virtue of the Compensation Law a judgment rendered thereunder has the same preference as judgments on claims for taxes and therefore the judgment of Mrs. Hurley would have preference over the mortgages.

The Building and Loan Company contends:

That "the assets of the employer" )as referred to in the law above quoted), when the judgment was rendered, was only the equity of redemption of Grant DeWitt, because a mortgage conveys the legal title to the mortgagee and that therefore, the mortgagees deed was of the same effect, in so far as this claim is concerned, as deed conveying the entire interest in the property.

Attorneys—C. C. Crabbe, Atty. Gen. and R. R. Zurmehly, Columbus, and Ray Maddox, Pros. Atty., Washington C. H., for Hurley. Wilson & Rector and R. W. Poppleton, Columbus, for Bldg. & Loan Co.